IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CR 08 34 -01S

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) CR. NO. ________________ |
| | ) |
| MICHAEL BERMUDEZ, | ) In violation of 18 U.S.C. §§ 2, 1029(a)(1) & (2), |
| alias Michael Morales, | ) 1029(b)(2), and 1028A(a)(1) and (c)(4). |
| ROBERTO VALERIO, | ) |
| HECTOR ALVAREZ, and | ) |
| JAMES HERNANDEZ, | ) |
| | ) |
| Defendants. | ) |
| | ) |

FILED
APR 0 9 2008
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**INDICTMENT**

The Grand Jury charges that:

**Introduction**

1. At all times relevant to this Indictment, defendant MICHAEL BERMUDEZ, alias Michael Morales, was employed as a security guard at Rhode Island Hospital.

2. At all times relevant to this Indictment, defendant ROBERTO VALERIO was employed as a sales associate at the RadioShack store located at 232 Garfield Ave., Cranston, Rhode Island.

3. At all times relevant to this Indictment, defendant HECTOR ALVAREZ was employed as a manager at the RadioShack store located at 232 Garfield Ave., Cranston, Rhode Island.

4. At all times relevant to this Indictment, defendant JAMES HERNANDEZ was employed as a sales associate at the RadioShack stores located at 623 Atwells Avenue, Building D, Providence, Rhode Island, and 232 Garfield Ave., Cranston, Rhode Island.

5. RadioShack is an electronics supply store. It sells electronics including televisions, sound systems, computer systems and accessories, cellular telephones, and other electronic products and accessories. As part of its business, RadioShack issues credit cards called Answer + which are underwritten by Citibank. These credit cards can be used to purchase store merchandise at RadioShack on credit. Also as part of its business, RadioShack sells cellular telephones and opens cellular telephone accounts for its customers with telecommunication providers such as AT&T and Sprint/Nextel. Once the account is opened, the telecommunications company manages the cellular telephone account.

**COUNT I**

6. The United States realleges and incorporates by this reference paragraphs 1 - 5, of this Indictment in their entirety as though fully set forth herein.

7. From in or about April 2006, and continuing until in or about February 2008, within the District of Rhode Island and elsewhere, the defendants, MICHAEL BERMUDEZ, ROBERTO VALERIO, HECTOR ALVAREZ, and JAMES HERNANDEZ, together with others known and unknown to the grand jury, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree with each other to: (a) knowingly and with the intent to defraud produce, use, and traffic in one or more counterfeit access devices, thereby affecting interstate commerce, in violation of 18 U.S.C. § 1029(a)(1); and, (b) knowingly and with intent to defraud traffic in and use one or more unauthorized access devices during any one year period, and by

such conduct obtain anything of value aggregating $1000 or more during that period, thereby affecting interstate commerce, in violation of 18 U.S.C. § 1029(a)(2), and engaged in conduct in furtherance of such offenses.

**Manner and Means of the Conspiracy**

8. It was part of the conspiracy that defendant MICHAEL BERMUDEZ, while working as a security guard at Rhode Island Hospital, obtained identification information of patients, employees, or other persons at the hospital, including their name, date of birth, and social security number, without their knowledge, consent, and authorization.

9. It was further part of the conspiracy that defendant MICHAEL BERMUDEZ took the unlawfully obtained personal identification information to one or more RadioShack stores located in Providence, Rhode Island. MICHAEL BERMUDEZ then directed ROBERTO VALERIO, HECTOR ALVAREZ, JAMES HERNANDEZ, and others known and unknown to the grand jury, to open RadioShack Answer + credit card accounts and Sprint/Nextel cellular telephone accounts utilizing the names, social security numbers, and dates of birth that were unlawfully obtained.

10. It was further part of the conspiracy that defendant MICHAEL BERMUDEZ then sold access devices, to wit Sprint/Nextel cellular telephones, that were fraudulently acquired to other persons in exchange for a sum of U.S. currency.

11. It was further part of the conspiracy that defendants MICHAEL BERMUDEZ and ROBERTO VALERIO used the fraudulently acquired access devices, to wit RadioShack Answer + credit cards to purchase RadioShack merchandise.

**Overt Acts**

12. In furtherance of the conspiracy, defendants MICHAEL BERMUDEZ, ROBERTO VALERIO, HECTOR ALVAREZ, JAMES HERNANDEZ, and others known and unknown to the grand jury engaged in conduct including, but not limited to, the following overt acts:

13. On or about various dates from on or about April 2006 to February 2008, defendant MICHAEL BERMUDEZ obtained patient identification information, to include name, social security number, and date of birth, at Rhode Island Hospital from various patients, including, but not limited to E.T., T.V., R.M., V.P., D.K., K.M., R.A., J.V., and I.P, without their knowledge or authority.

14. On or about February 19, 2007, defendants MICHAEL BERMUDEZ and HECTOR ALVAREZ opened a Sprint/Nextel cellular telephone account under the name, social security number, and date of birth of I. P., without her authority.

15. On or about July 2, 2007, defendants MICHAEL BERMUDEZ and JAMES HERNANDEZ opened a Sprint/Nextel cellular telephone account and a RadioShack Answer + credit card account under the name, social security number, and date of birth of D.K.., without her authority.

16. On or about August 12, 2007, defendants MICHAEL BERMUDEZ and JAMES HERNANDEZ opened a Sprint/Nextel cellular telephone account and a RadioShack Answer + credit card account under the name, social security number, and date of birth of R. M., without his authority.

17. On or about August 16, 2007, defendants MICHAEL BERMUDEZ and ROBERTO VALERIO opened a RadioShack Answer + credit card account and a Sprint/Nextel cellular telephone account under the name, social security number, and date of birth of E. T. without his authority.

18. In August 2007, defendant MICHAEL BERMUDEZ sold two or more Sprint/Nextel cellular telephones that were fraudulently acquired using the name and personal identifying information of E. T. to employees of a Blockbuster Video store in Providence, Rhode Island.

19. In or about July and August 2007, defendant MICHAEL BERMUDEZ, while working as a security guard at Rhode Island Hospital, obtained the identifying information of T.V., including his social security number and date of birth, without his authority.

20. On or about August 14, 2007, defendants MICHAEL BERMUDEZ and ROBERTO VALERIO opened a Sprint/Nextel cellular telephone account under the name, date of birth, and social security number of T.V., without his authority.

All in violation of 18 U.S.C. § 1029(b)(2).

## COUNT II

21. From in or about August 2007, and continuing until in or about January 2008, within the District of Rhode Island and elsewhere, the defendants MICHAEL BERMUDEZ and ROBERTO VALERIO, did knowingly and with the intent to defraud, traffic in and use one or more unauthorized access devices, namely, one or more RadioShack Answer + credit cards and Sprint/Nextel cellular telephones issued in the name of E. T., and by such conduct obtained something of value, namely cash, goods, and services aggregating more than $1,000 in United

States Currency during the stated period, and such conduct affected interstate and foreign commerce,

In violation of 18 U.S.C. §§ 2, 1029(a)(2).

**COUNT III**

22. From in or about August 2007, and continuing until in or about February 2008, within the District of Rhode Island and elsewhere, the defendants MICHAEL BERMUDEZ and ROBERTO VALERIO, did knowingly and with the intent to defraud, produce, use, and traffic in one or more counterfeit access devices, to wit, one or more Sprint/Nextel cellular telephones issued in the name of T. V. and one or more Sprint/Nextel cellular telephones issued in the name of E. T., and such conduct affected interstate and foreign commerce,

In violation of 18 U.S.C. §§ 2, 1029(a)(1).

**COUNT IV**

23. In or about July and August, 2007, within the District of Rhode Island and elsewhere, the defendants MICHAEL BERMUDEZ and JAMES HERNANDEZ, did knowingly and with the intent to defraud, produce, use, and traffic in one or more counterfeit access devices, to wit one or more RadioShack Answer + credit cards and Sprint/Nextel cellular telephones issued in the names of D.K. and R.M., and by such conduct affected interstate and foreign commerce,

In violation of 18 U.S.C. §§ 2, 1029(a)(1).

**COUNT V**

24. From on or about July 25, 2007 to on or about August 30, 2007, within the District of Rhode Island and elsewhere, the defendants MICHAEL BERMUDEZ and JAMES HERNANDEZ, did knowingly and with the intent to defraud, traffic in and use one or more unauthorized access devices, namely, one or more RadioShack Answer + credit cards and Sprint/Nextel Cellular telephone accounts issued in the names of R.M. and D.K., and by such conduct obtained something of value, namely cash, goods, and services aggregating more than $1,000 in United States Currency during the stated period, and such conduct affected interstate and foreign commerce,

In violation of 18 U.S.C. §§ 2, 1029(a)(2).

**COUNT VI**

25. In or about February and March, 2007, within the District of Rhode Island and elsewhere, the defendants MICHAEL BERMUDEZ and HECTOR ALVAREZ, did knowingly and with the intent to defraud, produce, use, and traffic in one or more counterfeit access devices, to wit one or more Sprint/Nextel cellular telephones issued in the name of I.P., and by such conduct affected interstate and foreign commerce,

In violation of 18 U.S.C. §§ 2, 1029(a)(1).

**COUNT VII**

26. The United States realleges and incorporates by this reference paragraphs 6 - 20 of this Indictment in their entirety as though fully set forth herein.

27. On or about August 16, 2007, in the District of Rhode Island and elsewhere, the defendant, MICHAEL BERMUDEZ, during and in relation to the commission of the offenses listed in Counts I - III of this Indictment, did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, that is, the name, date of birth, and social security number of E.T.,

All in violation of 18 U.S.C. §§ 1028A (a)(1) and (c)(4).

A TRUE BILL:

**REDACTED**

ROBERT CLARK CORRENTE
United States Attorney

LUIS M. MATOS
First Assistant U.S. Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

Date: April 9, 2008